UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-623-UA (AGR) | Date | April 8, 2014 |
|---|---|---|---|
| Title | William J. Schmart v. City of San Bernardino | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff | | Attorneys Present for Defendants |
| None | | None |

**Proceedings:**     **In Chambers:  ORDER TO SHOW CAUSE**

On March 31, 2014, Plaintiff filed a Request to Proceed in Forma Pauperis ("Request") and lodged a complaint pursuant to 42 U.S.C. § 1983.  For the reasons discussed below, the court finds that the complaint fails to state a claim upon which relief may be granted.

Plaintiff names two defendants:  the City of San Bernardino ("City") and Brenda Ramires.  (Complaint ¶¶ 1-2.)  On or before July 31, 2012, Plaintiff was trying to obtain housing assistance.  He was told he could not obtain assistance because there were criminal charges pending against him.  (*Id.* ¶ 11.)  On July 31, 2012, Plaintiff was arraigned in San Bernardino Superior Court on charges of two accounts of contempt of court, one count of annoying and repeated phone calls, and one count of obscene and harassing phone calls.  (*Id.* ¶ 12.)  Ramires, who was the apparent recipient of the phone calls, "claimed that she had to hear from Plaintiff." (*Id.* ¶ 13.)  However, the management of the apartment in which Plaintiff resided "were harassing [Plaintiff], and later stole $300,000 of his belongings."  "[S]ome of the calls were allegedly made because of the management['s]" harassment.  (*Id.*)  "The charges against Plaintiff were filed on behest of the . . . management to prevent Plaintiff from obtaining housing assistance, thereby attempting to make Plaintiff homeless."  (*Id.* ¶ 15.)  On March 5, 2013, the criminal case against Plaintiff was dismissed.  (*Id.* ¶ 14.)

Plaintiff alleges claims of malicious prosecution and abuse of process,[1] and requests damages.  (*Id.* at 10-11.)

The complaint has no allegations against the City.  If Plaintiff chooses to amend his complaint, he must allege facts in support of the City's deprivation of his constitutional rights, or he cannot name the City.

---

[1] These are the second and third causes of action.  Plaintiff's first cause of action, which alleges the same facts and states he is making the two succeeding claims (*see* Complaint ¶ 3), is superfluous.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-623-UA (AGR) | Date | April 8, 2014 |
|---|---|---|---|
| Title | William J. Schmart v. City of San Bernardino | | |

Ramires is a private actor. Generally, a plaintiff cannot state a § 1983 claim against a private actor. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) ("Action by a private party . . ., without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.'"). If Plaintiff chooses to amend his complaint, he must allege facts that support an exception to the rule or he cannot name Ramires as a defendant.

Plaintiff is therefore ORDERED, **on or before May 8, 2014,** to show cause why the Request should not be denied because the complaint fails to state a claim. Alternatively, Plaintiff may lodge a first amended complaint in conformance with the above legal standards. **If Plaintiff fails to file a timely response to this order, the Request is subject to dismissal.**

|  | Initials of Preparer | mp |
|---|---|---|